EMMA AURAN, Appellant, v. MENTOR SCHOOL DISTRICT NO. 1 OF DIVIDE COUNTY, NORTH DAKOTA, a Public Corporation. COUNTY OF DIVIDE, NORTH DAKOTA, a Public Corporation, et al., Respondents.

(228 N. W. 435.)

Opinion filed December 24, 1929.

*Olaf Braatelien,* for appellant.

*E. J. McIlraith,* for respondents.

BURKE, Ch. J. This is an appeal from an order vacating and dismissing an execution and a garnishment proceeding in aid thereof.

The plaintiff, Emma Auran, having a judgment against the defendant, Mentor school district No. 1, of Divide county, North Dakota, and the members of the board of education of the said school district, caused an execution to be issued on said judgment, and in aid thereof commenced a garnishment proceeding against the county of Divide, the county auditor, and county treasurer of said county. The garnishees appeared by the state's attorney, and objected to the jurisdiction of the court on the ground and for the reason that the funds held by the garnishees are pubic funds held as a trust fund, and not subject to execution, attachment or garnishment.

The motion is based upon the affidavit of the state's attorney, and upon hearing thereon, the trial court duly made its order, vacating, dismissing and discharging the execution and the garnishment proceedings.

It is the contention of the appellant that since money belonging to the school district was on hand in the office of the county treasurer, and the defendant school district did not appear and defend, that it was subject to garnishment for the payment of said judgment.

It is the contention of the respondent that public funds are not subject to execution, attachment or garnishment; that under § 1227, Comp. Laws 1913, a final judgment against a school district can be paid out of a fund raised by the board levying a tax upon the taxable property of the school district, which shall be used in the payment of the judgment. We are of the opinion, that respondent is right in his contention. Section 1227, Comp. Laws 1913, must be read in connection with § 1223, Comp. Laws 1913, which provides, "that the notice of tax levy to pay any judgment against the district shall be in addition to the regular tax."

It is clear from reading the two sections together, that the judgment cannot be paid out of the fund raised by the regular tax, but must be paid out of a tax levied especially for the payment of the judgment, and it is equally clear, that the purpose of the statute is to prevent interference in any way with the funds provided for public schools.

It was not necessary for the defendants to appear, for the reason

that a garnishee can interpose any defense or objection available to defendants in a garnishment proceeding. Subdivision 4, § 7575, Comp. Laws 1913, relating to garnishment proceedings, states specifically that "He [the garnishee] may state any claim of exemption from execution on the part of the defendant, or other objection known to him against the right of the plaintiff to apply upon his demands the indebtedness or property disclosed."

The order of the trial judge is affirmed.

BIRDZELL, NUESSLE, BURR, and CHRISTIANSON, JJ., concur.